[Civ. No. 30293. First Dist., Div. Three. Aug. 31, 1972.]

THEODORE H. LONG, Plaintiff and Appellant, v.
CARL W. HULTBERG, as City Clerk, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Long & Long and John A. Long for Plaintiff and Appellant.

Galligan, Thrasher, Branson & Fitzgerald, Joseph A. Galligan and John C. Howard for Defendants and Respondents.

**OPINION**

**DRAPER, P. J.**—The three original plaintiffs in this proceeding were elected city councilmen of San Bruno. Petition for their recall was filed and, on December 10, 1970, the city clerk filed with the city council his certificate of the sufficiency of the petitions. Plaintiffs, asserting insufficiency, sought injunctive relief or writ of mandate barring any further proceedings on the recall. The recall election had been noticed for March 2, 1971. On February 17, after hearing, the trial court denied the mandamus petition and denied preliminary injunction. Judgment and order was filed February 24, but not entered until April 23. Although plaintiffs Long and Griffith filed notice of appeal, only Long has filed briefs.

Respondents have moved to augment the record by a certified copy of the resolution of the city council declaring the result of the election of March 2. This resolution recites that the votes have been canvassed, a majority voted against recall of Christal, but in favor of the recall of Griffith and Long, successor for each of whom was elected. Appellant opposes augmentation.

We have power to take additional evidence (Cal. Rules of Court, rule 23(b)). Although appellate courts are generally reluctant to take evidence, they should do so when it shows that events occurring after judgment and notice of appeal have rendered the appeal moot (*Millbrae Assn. for Residential Survival* v. *City of Millbrae*, 262 Cal.App.2d 222, 232 [69 Cal.Rptr. 251]). We are enjoined to decide only actual controversies by a judgment which can be carried into effect. " '[W]hen, pending an appeal . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal' " (*Mills* v. *Green*, 159 U.S. 651, 653 [40 L.Ed. 293, 294, 16 S.Ct. 132], as quoted and applied in *Consol. etc. Corp.* v. *United A. etc. Workers*, 27 Cal.2d 859, 863 [167 P.2d 725]; *Paul* v. *Milk Depots, Inc.*, 62 Cal.2d 129 [41 Cal.Rptr. 468, 396 P.2d 924]; *Goldman* v. *County of Santa Barbara*, 203 Cal.App.2d 454 [21 Cal.Rptr. 532]).

The purpose of appellant's proceeding, whether by injunction or mandamus, is to establish insufficiency of the recall petitions and thus bar the election. But the city council resolution establishes that the election has been held, the results canvassed, appellant's recall declared and his successor declared elected. This proceeding is not an election contest. No grounds for such contest (Elec. Code, § 20021) are stated, and the fairness of the election itself is in no way attacked. We find no case directly in point, but conclude from analogous decisions that the matter is moot.

The closest analogy is provided by a Supreme Court decision (*Lenahan* v. *City of Los Angeles*, 14 Cal.2d 128 [92 P.2d 1014]). There plaintiff had sought to enjoin the holding of a recall election. Before the case reached the Supreme Court, the election had been held, the mayor recalled, and his successor elected. The charter provision there in effect provided that after an election, the petition initiating it "shall not be subject to judicial review or be otherwise questioned." We find no such express limitation in the Elections Code provisions for recall (§§ 27200-27521). But the opinion turns in substantial part upon the futility of attempting to prohibit an election which has been held. An appellant may not, "after the

election has been held, still urge a court to stop it." (*Id.,* p. 132.) Other decisions, although not dealing directly with recall, have reached a similar conclusion (*Bradley* v. *Voorsanger,* 143 Cal. 214 [76 P. 1031]; *City of Coronado* v. *Sexton,* 227 Cal.App.2d 444 [38 Cal.Rptr. 827]). Appellant seeks to distinguish all these cases on the ground that they were actions for injunction only, whereas he also seeks writ of mandate. We find the distinction to be without a difference. Whatever the form of remedy sought, its purpose was but to forestall the election. Moreover, it has been strongly suggested in a mandamus proceeding that once the certificate of election issues, as here, the exclusive remedy is by election contest (*Gibson* v. *Twaddle,* 1 Cal.App. 126, 129 [81 P. 727]).

We emphasize that no attack is made upon the fairness of the election itself in affording to the electorate a full and free opportunity to express its will.

The record is augmented to include the resolution of the city council deciding the result of the election. The appeal is dismissed as moot.

Brown (H. C.), J., and Caldecott, J., concurred.