[No. D004473. Fourth Dist., Div. One. Dec. 1, 1986.]

BARRIE CHASE, Plaintiff and Appellant, v.
JEAN BROOKS, as Clerk, etc., et al., Defendants and Respondents.

**COUNSEL**

Michael L. Jimmink for Plaintiff and Appellant.

Higgs, Fletcher & Mack and Gregg C. Sindici for Defendants and Respondents.

**OPINION**

**WORK, J.**—Barrie Chase appeals a judgment denying his petition to enjoin the City of Vista from proceeding to place a referendum measure on the June 1986 ballot. The election has already been held and the measure to which Chase objects carried overwhelmingly. Chase challenges a referendum petition accepted by Jean Brooks, Clerk of the City of Vista, objecting to the Vista City Council's adoption of ordinance 85-38, a zoning provision modifying existing zones and boundaries and reclassifying property. The essence of Chase's claim is that the referendum petition failed to comply with the requirements of Elections Code[1] section 4052 to include mandatory caption language and the complete text of the ordinance challenged. Concluding the referendum petition substantially complied with the statutory requirements, the trial court granted summary judgment for Brooks and

---

[1]All statutory references are to the Elections Code.

denied Chase's motion for judgment on the pleadings seeking injunctive relief. For the reasons which follow, we determine the petitions are fatally defective for not including the complete text of the ordinance on which the referendum was sought. However, we hold the controversy has become moot by virtue of the election, and deny Chase's request we treat the election as a nullity. We dismiss the appeal.

I

On July 23, 1985, the Vista City Council (City Council) adopted ordinance 85-38, a zoning ordinance amending "by changing the zones and zone boundaries as shown on sheet No. 9 of Zoning Map No. 4 of the City of Vista, and reclassifying property as set forth in Exhibit 'A' from R-1B to R-M30('Q')." In response to the City Council's action, petitions entitled "Referendum Petition Protesting Adoption Of Ordinance 85-38" were circulated declaring the ordinance would "create adverse environmental effects such as traffic, safety, drainage and increase density problems on the City of Vista. The undersigned hereby request that the ordinance be repealed by the City Council of the City of Vista, or be submitted to a municipal election as prescribed by law." On August 23, 1985, Jean Brooks, as city clerk, was presented and accepted for filing the referendum petitions. Later, by resolution of the City Council, the ordinance was submitted to the voters on the June 3, 1986, election ballot.

On October 10, 1985, Chase filed a complaint for injunctive relief seeking to enjoin defendants from placing the disputed ordinance on any ballot for election by the voters of the City of Vista or in any manner recognizing the existence or validity of the referendum petition for any purpose whatsoever. Chase alleged the referendum petitions were not timely filed with the city clerk and that the caption on the referendum petitions was contrary to the provisions of section 4052. On November 21, he filed his motion for preliminary injunction, which was denied on the grounds that the petitions were timely filed and that there had been substantial compliance with section 4052. Brooks then moved for summary judgment and Chase responded by moving for judgment on the pleadings, where he raised for the first time his argument that the petitions were defective for failing to include exhibit "A" to the ordinance which set forth the full legal description of the affected real property.[2] The motions were consolidated and the trial court granted

---

[2]Exhibit "A" provided: "The land referred to herein is situated in the State of California, County of San Diego and is described as follows:

"PARCEL A:

"That portion of Lots 21 of RICHARDSON'S ADDITION TO VISTA, in the City of Vista, County of San Diego, State of California, according to Map thereof No. 1501, filed in the Office of the County Recorder of San Diego County, December 4, 1912, described as follows:

Brooks's motion for summary judgment and denied Chase's motion for judgment on the pleadings.[3]

## II

■ Although disagreeing as to whether the issue is now moot, both parties ask us to resolve the issues because of their continued public importance even if we find mootness. (See *Peterson* v. *City of San Diego* (1983) 34 Cal.3d 225, 227 [193 Cal.Rptr. 533, 666 P.2d 975].) We first address the issue of mootness.

We have found only two reported California cases close in point: *Lenahan* v. *City of Los Angeles* (1939) 14 Cal.2d 128, 133 [92 P.2d 1014] and *Long* v. *Hultberg* (1972) 27 Cal.App.3d 606, 608-609 [103 Cal.Rptr. 19]. Addressing a challenge to sufficiency of petitions circulated to recall an elected official in the face of a mootness allegation after the election, the Supreme Court stated: "In other words, when the event which it was sought to enjoin, that is, the election, had taken place, the remedies of the plaintiffs were removed from the field of injunctive relief and were relegated to such remedies, if any, as they might have and avail themselves of subsequent to the election. Certainly they may not, after the election has been held, still urge a court to stop it." (*Lenahan* v. *City of Los Angeles, supra,* 14 Cal.2d at p. 132.) Similarly, in *Long* v. *Hultberg, supra,* 27 Cal.App.3d 606, the court followed *Lenahan* declaring that where the purpose of the appellant's

"Beginning at most Northerly corner of said Lot 21; thence South 35°12'38" East along the Northeasterly line of said Lot 21 and its Southeasterly prolongation 812.16 feet to an angle point in the center line of Knoll Road, as same is shown on said Map No. 1501; thence South 53°53'33" West along said center line 306.62 feet to the most Southerly corner of said Lot 21; thence leaving said center line North 63°50' West to and along the Southwesterly line of said Lot 21, 386.67 feet to an angle point therein; thence South 74°46'03" West along the Southerly line of said Lot 21, 90.67 feet; thence leaving said Southerly line North 0°18'33" West 629.32 feet to a point in the Northerly line of said Lot 21; thence North 72°34'04" East along said Northerly line 227.82 feet to a point of beginning.

"EXCEPTING THEREFROM that portion described as follows: "Beginning at the intersection of the Southeasterly prolongation of the Northeasterly line of said Lot 21 with the center line of Knoll Road as same is shown on said Map No. 1501; thence South 53°55' West along said center line of Knoll Road, 151.67 feet; thence North 35°14' West 20.00 feet to a point in the North line of said Knoll Road; thence continuing North 35°14' West on a line parallel to the Northeasterly line of said Lot 21, 200.00 feet; thence North 53°55' East on a line parallel to the center line of said Knoll Road 151.67 feet to a point in the Northeasterly line of said Lot 21; thence South 35°14' East along the Northeasterly line of said Lot 21, 193.87 feet, to a point in the North line of said Knoll Road; thence continuing South 35°14' East on the prolongation of the Northeasterly line of said Lot 21 to the center line of said Knoll Road, 26.13 feet, more or less to the POINT OF BEGINNING.

"ALSO EXCEPTING THEREFROM that portion that lies within the boundaries of Knoll Road as same is shown on said Map No. 1501 of Richardson's Addition to Vista."

[3]On May 6, 1986, we denied without prejudice Chase's petition for a writ of supersedeas due to the failure to show irreparable harm.

proceeding, be it by injunction or mandamus, was to establish the insufficiency of recall petitions and thus bar the election, the matter was rendered moot by the holding of the election, the canvassing of the results, the declaration of appellant's recall and the election of his successor, stressing the proceeding did not contest the fairness of the election itself. (*Long* v. *Hultberg, supra,* 27 Cal.App.3d at pp. 608-609.)

We find the analogous case precedent persuasive. Here also, Chase's complaint for injunctive relief essentially sought to enjoin placing the referendum measure on the election ballot. He does not challenge the fairness of the election itself. The ballot measure and accompanying material adequately informed the electorate of the breadth and complete contents of the challenged ordinance in Proposition H.[4] Section 4052 is designed to reduce confusion as to the contents of referendum petitions and promote the full enlightenment of prospective signers of the substantive provisions of a challenged ordinance (*Creighton* v. *Reviczky* (1985) 171 Cal.App.3d 1225, 1229-1233 [217 Cal.Rptr. 834]), so as to justify the expenditure of public funds to include a matter on the election ballot. Once the election is held and the electorate has spoken, it becomes moot whether the referendum petitions failed to comply with the requirements of section 4052. Chase's remedy of injunctive relief does not survive the election, but is replaced by the potential remedy of an election contest. As in *Lenahan,* "[a] reversal of the order would vest the trial court with no justiciable controversy in this action for the reason that what was sought to be enjoined has already been done. The nature of the action was such that when the injunctive relief therein sought was rendered inappropriate and ineffective, any further consideration of the cause as an action in injunction would be unavailing." (*Lenahan* v. *City of Los Angeles, supra,* 14 Cal.2d at p. 132.) However, because the issues raised are likely to reoccur, we proceed to resolve them.

### III

■ Section 4052 states the words "referendum against an ordinance passed by the City Council" *shall* be printed across the top of each page of the referendum petition and that "[e]ach section of the referendum petition shall contain the identifying number or title and text of the ordinance or the portion of the ordinance which is the subject of the referendum." In light of the legislative history of section 4052, making it clear it was designed to reduce confusion as to the contents of referendum petitions and to promote the full enlightenment of prospective signers of the substantive provisions of a challenged ordinance, we agree with the reasoning in *Creighton* v.

---

[4]The ballot material provided to the voters contained the entire ordinance, including exhibit "A."

*Reviczky, supra,* 171 Cal.App.3d at pp. 1229-1233, this latter provision of section 4052 requires municipal referendum petitions to contain the entire text of the ordinance or the portion thereof which is the subject of the referendum. However, although the language of section 4052 is mandatory, employing the term "shall," the "substantial compliance" test controls. (See *Assembly* v. *Deukmejian* (1982) 30 Cal.3d 638, 648-649; *Creighton* v. *Reviczky, supra,* 171 Cal.App.3d at pp. 1231-1233.) For, " " " "it has long been our judicial policy to apply a liberal construction to [the] power [of initiative and referendum] wherever it is challenged in order that the right be not improperly annulled. If doubts can reasonably be resolved in favor of the use of this reserve power, courts will preserve it. [Citations.]" " " " (*Assembly* v. *Deukmejian, supra,* 30 Cal.3d at p. 652, quoting *Associated Home Builders, Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 591 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) However, where petition deficiencies threaten the proper operation of the election process, refusal to file the petition has been judicially upheld. (See e.g., *Creighton* v. *Reviczky, supra,* 171 Cal.App.3d 1225, and cases cited in *Assembly* v. *Deukmejian, supra,* 30 Cal.3d at p. 648.) Although such statutes should be liberally construed to permit the exercise by the electors of this most important privilege, the statutes designed to protect the elector from confusing or misleading information should be enforced so as to guarantee the integrity of the process. (See *Clark* v. *Jordan* (1936) 7 Cal.2d 248, 252 [60 P.2d 457, 106 A.L.R. 549]; *Creighton* v. *Reviczky, supra,* 171 Cal.App.3d at p. 1232.) Consequently, " '[s]ubstantial compliance . . . means *actual* compliance in respect to the substance essential to every reasonable objective of the statute.' " (*Assembly* v. *Deukmejian, supra,* 30 Cal.3d at p. 649, quoting *Stasher* v. *Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649].) In other words, technical deficiencies in referendum petitions will not invalidate the petitions if they substantially comply with statutory and constitutional requirements, for "[a] paramount concern in determining whether a petition is valid despite an alleged defect is whether the purpose of the technical requirement is frustrated by the defective form of the petition." (*Assembly* v. *Deukmejian, supra,* 30 Cal.3d at p. 652; *California Teachers Assn.* v. *Collins* (1934) 1 Cal.2d 202, 204 [34 P.2d 134]; *Creighton* v. *Reviczky, supra,* 171 Cal.App.3d at p. 1233.)

IV

*The Caption*

■ It is undisputed the caption "Referendum Petition Protesting Adoption Of Ordinance 85-38" does not strictly comply with the requirement of section 4052 the caption "Referendum Against an Ordinance Passed by the City Council" appear across each page of a petition. However, the substance

of the challenged caption satisfies the statutory requirement in that (1) we find no discernible difference between a referendum petition "against" an ordinance passed by the City Council and one "protesting" the adoption of such an ordinance; and (2) within the context of the challenged petitions the signer would be aware the ordinance was adopted by the Vista City Council on July 23, 1985, and thus was not still under consideration by the City Council. The caption used fulfills its statutorily specific and limited informative role.

### The Complete Text of the Challenged Ordinance

■ Chase, however, accurately perceives the referendum petitions here did not comply with the specific provisions of section 4052 as construed in *Creighton* v. *Reviczky, supra,* 171 Cal.App.3d 1225, because they fail to include the full text of Exhibit "A" to the ordinance setting forth the legal description of the real property affected. There has not been substantial compliance with the requirements of section 4052 because the petitions fail to apprise prospective signers of the precise location of affected real property to permit them to informatively evaluate whether they should sign the referendum petition challenging the substantive provisions of the ordinance. Granted, the metes and bounds legal description within Exhibit "A" might not improve a prospective signer's ability to determine the exact and precise location of the affected real property. However, directional references to and from Knoll Road within the description establishes at least a point of probable common knowledge. In any event, it provides prospective signers with the entire text of the challenged ordinance containing the legal description, thus improving the chances prospective signers will not be confused regarding the breadth of the challenged ordinance. Although under such circumstances we believe reference to more common landmarks should be employed either within the referendum petition explaining the ordinance or within the latter by the governmental entity to minimize potential electorate confusion, we find unpersuasive Brooks's alternative contention that the specific identification within the petitions of the parcel numbers as shown on the 1984-1985 assessor's records substantially complied with the statutory mandate. If its underlying purposes are to be achieved, then referencing outside material or sources within a petition must be severely limited.

In summary, we conclude the underlying purpose of section 4052 was not substantially fulfilled. Prospective signers could not be fully informed of the substance of the ordinance challenged. The petitions' mere reference to the City of Vista Map Number, reclassification of the property from "R-1B to R-M30," and specific parcel numbers affected neither fully apprised the prospective signers of the substantive provisions of the challenged ordinance nor sufficiently enlightened them of the specific property affected.

## Disposition

Appeal dismissed.

Wiener, Acting P. J., and Butler, J., concurred.

A petition for a rehearing was denied December 18, 1986, and appellant's petition for review by the Supreme Court was denied February 25, 1987.