[No. A078208. First Dist., Div. Four. Dec. 10, 1998.]

MERVYN'S, Plaintiff and Appellant, v.
ANGELINA REYES, as City Clerk, etc., et al., Defendants and
Respondents;
SHERMAN L. LEWIS III, Real Party in Interest and Respondent.

[No. A079486. First Dist., Div. Four. Dec. 10, 1998.]

MERVYN'S, Plaintiff and Appellant, v.
ANGELINA REYES, as City Clerk, etc., et al., Defendants and
Respondents;
SHERMAN L. LEWIS III, Real Party in Interest and Appellant.

**[Opinion certified for partial publication.†]**

†It is ordered that the introductory paragraphs, parts I, II, and IV are hereby published in the Official Reports.

## Counsel

Miller, Starr & Regalia and Arthur Fred Coon for Plaintiff and Appellant.

Stuart M. Flashman for Real Party in Interest and Respondent and for Real Party in Interest and Appellant.

Jewell J. Hargleroad for League of Women Voters of the Eden Area and Hayward Democratic Club as Amici Curiae on behalf of Real Party in Interest.

Michael John O'Toole, City Attorney, for Defendants and Respondents.

## Opinion

**HANLON, P. J.**—The instant appeal involves two consolidated cases arising out of the same proceeding. In No. A078208, petitioner, plaintiff and

appellant Mervyn's (Mervyn's) appeals from a judgment directing issuance of a peremptory writ of mandate, insofar as it refused to invalidate and set aside the entire initiative petition, presented by respondent and real party in interest Sherman L. Lewis III (Lewis) to respondents and defendants City of Hayward, its clerk and its city council (Hayward). The initiative petition involved land use and the Hayward General Policies Plan. In No. A079486, Mervyn's and Lewis each challenge the awards of attorney fees. Hayward takes a position of neutrality as to the validity of the initiative, no attorney fees were awarded against Hayward and Hayward is not involved in the appeal.

In No. A078208, Mervyn's contends: (1) the initiative petition does not "contain . . . the text of the measure" as required by Elections Code section 9201; and (2) the superior court's ruling that section 3 of the initiative was illegal had the effect of invalidating the entire initiative. In No. A079486, Lewis contends: (1) the attorney fees awarded to him were inadequate; and (2) attorney fees were improperly awarded to Mervyn's pursuant to Code of Civil Procedure section 1021.5. In No. A079486, Mervyn's contends that "should this court reverse the underlying judgment, Lewis' award of attorney fees must also be reversed." Both parties request attorney fees on appeal.

In No. A078208 we reverse on the ground that the initiative petition is invalid for violating Elections Code section 9201. In No. A079486 we reverse the award of attorney fees to Lewis, because he is no longer a prevailing party and we reverse the award of attorney fees to Mervyn's, because of its financial stake in the litigation. No attorney fees are awarded for the appeal, and we find it unnecessary to address the other contentions of the parties.

## I. Statement of Facts and Proceedings[1]

On or about July 17, 1990, Hayward adopted a general plan which changed the land use designation of four or five acres of land owned by Mervyn's to open space, parks and recreation.

In May of 1996, respondent Lewis proposed an initiative petition which contains the following relevant provisions.

"Section 2. Voter protection for the Quality of Life.

"The people hereby re-enact the open space land use designations (Parks and Recreation, Baylands, Limited Open Space) of the General Policies Plan

---

[1]We find that the joint appendices pursuant to California Rules of Court, rule 5.1, compiled through the efforts of each party and Hayward, contain an adequate record. Therefore, we deny the request for judicial notice filed by amici curiae the League of Women Voters of the Eden Area and Hayward Democratic Club.

Map and the supporting policies in Chapter VII: Open Space, Parks and Recreation, Chapter VIII: Environmental Concerns and Chapter IX: Urban Design of the General Policies Plan of the City of Hayward in effect on January 1, 1996.

"Section 3. The provisions of this Ordinance shall prevail over any conflicting provision of any previously-approved City Ordinance, Resolution, or Development Agreement which is not fully vested through substantial 'on the ground' investment comparable to vesting for other land use purposes. The purpose of this section is to protect the right of the people to initiative.

"Section 4. This Ordinance may be amended or repealed only by a majority of the voters of the City of Hayward in a municipal election."

The other provisions of the initiative petition were section 1, entitled "Findings and Purpose," and section 5, which was a severability clause. Included with the petition on the same document was a "Ballot Title" restating section 2 of the petition and a "Summary of Proposed Initiative" which restated sections 2, 3, and 4 in condensed form.

No part of the actual text of the general policies plan, the general policies plan map or the supporting policies of the City of Hayward was attached to the initiative petition. Approximately 17 pages of the general plan were affected by the initiative.

On June 7, 1996, a notice of intent to circulate the petition was published in a newspaper. On November 12, 1996, Mervyn's sent a letter to Hayward protesting the designation of its property as open space in the general plan and requesting that the plan be amended to designate the property as industrial. The reason given for the request was that Mervyn's was trying to sell the land and could not do so because of the open space, parks and recreation designation.

On November 15, 1996, Lewis submitted the initiative documents and the required number of signatures (10 percent of the number of registered voters) to Hayward. On December 3, 1996, Hayward changed the general plan designation of Mervyn's property from open space, parks and recreation to industrial. Because the initiative adopts the general plan designations of January 1, 1996, it would return Mervyn's land to open space, parks and recreation. On December 30, 1996, the Hayward City Clerk certified the initiative petition as "sufficient" to require the city council pursuant to Elections Code section 9215 to either place it on the ballot or pass it without

change. On January 14, 1997, the Hayward City Council adopted a resolution accepting the certification of the initiative petition and set a public meeting for February 11, 1997.

On February 6, 1997, Mervyn's filed a verified petition for writ of mandamus and complaint for declaratory and injunctive relief. Mervyn's petition/complaint alleged that the certification of the initiative petition was improper because the initiative documents failed to meet the full text requirement of Elections Code section 9201. Section 3 of the initiative was mentioned but was not independently challenged. Mervyn's averred that its "interests and property rights will be severely injured and adversely affected" if the initiative becomes law. It sought a stay of the February 11, 1997, city council meeting, a peremptory writ invalidating the initiative and attorney fees under Code of Civil Procedure section 1021.5.

On February 7, 1997, Mervyn's filed an ex parte application for stay order or, alternatively, temporary restraining order and order to show cause for a preliminary injunction. On February 10, 1997, Mervyn's filed a petition in this court for a writ of mandate, prohibition and/or other appropriate writ, which also requested an immediate stay or writ of supersedeas. On February 11, 1997, both the superior court and this court denied any stay type orders to Mervyn's.

Also on February 11, 1997, the Hayward City Council held a public meeting regarding the initiative. Mervyn's position was presented by a vice-president as follows: "We have not taken a position on the merits of open space. We are in fact only interested in this initiative as it related to our property located in the industrial area which we are vigorously trying to sell. . . . [¶] If this initiative is adopted, we have a piece of property currently valued at several million dollars that we cannot sell because there are simply no interested buyers for a property under the designation of open space, park and recreation." "Our position is very straightforward. We own a piece of property zoned industrial which we would like to sell for industrial purposes."

At the close of the meeting the city council voted in favor of the mayor's motion for adoption of "the initiative petition as stated in its entirety in our staff report by ordinance . . . ." The actual 17 pages of the general policies plan, general policies plan map and supporting policies of the City of Hayward, which are mentioned in the initiative, were attached to the initiative petition in the staff report. On February 25, 1997, the city council again passed an ordinance adopting the initiative with the attachments.

By a stipulated order filed February 26, 1997, Mervyn's, Lewis and Hayward agreed that "[Hayward] and [Lewis] will not contend, argue or

assert in this litigation that Mervyn's Writ Petition or action challenging the legal validity of the Initiative Petition, or of the Council's adoption of the same pursuant to Elections Code section 9215, is moot, barred or otherwise precluded or prejudiced, in whole or in part, solely by reason of the Court not addressing the merits of the Writ Petition, as existing or as amended and supplemented, on shortened time on or prior to February 25, 1997." Also on February 26, 1997, Mervyn's filed a first amended petition/complaint which repeated and updated the allegations of the original petition/complaint.

The superior court ruled that: (1) the initiative petition substantially complied with the full text requirement of Elections Code section 9201; (2) section 3 of the initiative petition was substantively invalid, and (3) section 3 was severable from the remaining provisions. Attorney fees in the amount of $7,730.68 were awarded to Mervyn's for the defeat of section 3. These fees represented 15 percent of the total fees incurred by Mervyn's.

## II. Elections Code Section 9201

Mervyn's contends: "The initiative petition was invalid as a matter of law under Elections Code section 9201 since it failed to contain the text of the proposed measure." This contention has merit.

Elections Code section 9201 provides in pertinent part: "Any proposed ordinance may be submitted to the legislative body of the city by a petition filed with the elections official of the legislative body, in the manner hereinafter prescribed, after being signed by not less than the number of voters specified in this article. The petition may be in separate sections . . . . The first page of each section shall contain the title of the petition and the *text of the measure*." (Italics added.) It is undisputed that the initiative petition in the present case referred to, but did not actually contain, the various provisions of the General Policies Plan of the City of Hayward which were enacted by the ordinance.

The purpose of the full text requirement is to provide sufficient information so that registered voters can intelligently evaluate whether to sign the initiative petition and to avoid confusion. (*Boyd* v. *Jordan* (1934) 1 Cal.2d 468, 475 [35 P.2d 533]; *Myers* v. *Stringham* (1925) 195 Cal. 672, 675-676 [235 P. 448].) "Similar requirements apply to referendum petitions. [Citations.]" (*City of Irvine* v. *Irvine Citizens Against Overdevelopment* (1994) 25 Cal.App.4th 868, 878 [30 Cal.Rptr.2d 797].)

Elections Code section 9238 provides in pertinent part: "(a) Across the top of each page of the referendum petition there shall be printed the following:

[¶] 'Referendum Against an Ordinance Passed by the City Council' [¶] (b) Each section of the referendum petition shall contain (1) the identifying number or title, and (2) the text of the ordinance or the portion of the ordinance that is the subject of the referendum."

Elections Code section 329 provides: " 'Measure' means any constitutional amendment or other proposition submitted to a popular vote at any election." Elections Code section 342 provides: " 'Proponent or proponents of an initiative or referendum measure' means, for statewide initiative and referendum measures, the person or persons who submit a draft of a petition proposing the measure to the Attorney General with a request that he or she prepare a title and summary of the chief purpose and points of the proposed measure; or for other initiative and referendum measures, the person or persons who publish a notice or intention to circulate petitions, or, where publication is not required, who file petitions with the elections official or legislative body."

■ "Although . . . Elections Code section 9118 and related sections only refer to 'ordinances' being enacted by initiative, it is well established that any legislative act may be enacted by initiative and may be subject to referendum, regardless of whether that act is denominated an 'ordinance' or 'resolution.' [Citations.]" (*DeVita* v. *County of Napa* (1995) 9 Cal.4th 763, 787, fn. 9 [38 Cal.Rptr.2d 699, 889 P.2d 1019].)

Due to the overlapping definitions, use of words and context of the code sections, we do not perceive any significance in the use of the words "measure" or "ordinance" in the full text requirement provisions of Elections Code sections 9201 and 9238. The purpose and function of the initiative and referendum are identical.

■ "Courts have long protected the right to petition as an essential attribute of governing. [Citation.] The California Constitution declares that 'people have the right to . . . petition government for redress of grievances . . . .' [Citation.] That right in California is, moreover, vital to a basic process in the state's constitutional scheme—direct initiation of change by the citizenry through initiative, referendum and recall. [Citation.]" (*Robins* v. *Pruneyard Shopping Center* (1979) 23 Cal.3d 899, 907-908 [153 Cal.Rptr. 854, 592 P.2d 341], fn. omitted.)

"[T]he courts have described the initiative and referendum as articulating 'one of the most precious rights of our democratic process' [citation]. '[I]t has long been our judicial policy to apply a liberal construction to this power wherever it is challenged in order that the right be not improperly annulled.

If doubts can reasonably be resolved in favor of the use of this reserve power, courts will preserve it.' [Citations.]" (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 591 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038], fn. omitted.)

 Land use decisions by local governing bodies can be challenged by either initiative or referendum. (*DeVita* v. *County of Napa, supra,* 9 Cal.4th at p. 774.) "A substantial body of law holds that general plans may indeed be amended by initiative or referendum." (*Save Stanislaus Area Farm Economy* v. *Board of Supervisors* (1993) 13 Cal.App.4th 141, 152 [16 Cal.Rptr.2d 408].) "There is no textual basis for construing the power of referendum as broader than the initiative power, or vice versa." (*Id.* at p. 152, fn. 3.)

A series of cases involving both initiatives and referendums has dealt with the question of whether the measure substantially complied with the statutory requirements designed to protect registered voters from confusing or misleading information, so as to guarantee the integrity of the process. (See *Hayward Area Planning Assn.* v. *Superior Court* (1990) 218 Cal.App.3d 53, 57 [266 Cal.Rptr. 745].)

·*Myers* v. *Stringham, supra,* 195 Cal. at pages 673-674 involved an initiative to amend the zoning ordinance of the charter city of Berkeley. The "city clerk refuses to examine the petition for the reason, among others, that 'the proposed ordinance attempts to amend the existing ordinance . . . by amending a section or portion of section without setting forth the section in full as provided by article VIII of the charter . . . .' " (*Id.* at p. 674.)

In a decision affirming the action of the city clerk, the Supreme Court held: "The new subsection sought to be added to the section by amendment is no more than a description of certain real property. It does not purport to disclose what the effect of its adoption would be either on the status of the particular property described or on its relation to the general zoning classifications in the city. Considered in and by itself it is unintelligible and meaningless. It cannot be determined from its inspection what is sought to be accomplished. If the petition were examined and certified and the proposed ordinance were submitted to the council for adoption and were passed by that body it is obvious that it would not constitute a valid enactment because it is not in form in accordance with the requirements of the charter." (*Myers* v. *Stringham, supra,* 195 Cal. at pp. 675-676.)

*Clark* v. *Jordan* (1936) 7 Cal.2d 248 [60 P.2d 457, 106 A.L.R. 549], dealt with a statute requiring initiative petitions to contain a ". . . 'short title' showing the nature of the petition and the subject to which it relates." (*Id.* at

p. 249.) The Supreme Court found a lack of substantial compliance with the statute because the short title did not disclose that new taxes would be imposed. (*Id.* at p. 251.) A principal argument for the initiative was rejected as follows: "The contention made in the briefs and in the argument of *amici curiae* that the 'short title' would indicate to an elector with 'an inquiring mind' that since certain tax limitations are abolished, and certain taxes repealed or abolished, and would therefore cause such an elector to read the proposal before signing, is not convincing." (*Id.* at p. 252.)

*Creighton* v. *Reviczky* (1985) 171 Cal.App.3d 1225 [217 Cal.Rptr. 834], involved a municipal petition for a referendum to an ordinance adopting a specific plan to regulate development, which petition did not include the actual text of the ordinance. (*Id.* at pp. 1227-1229.) Citing initiative and referendum statutes (*id.* at pp. 1230-1231) along with *Myers* v. *Stringham* and *Clark* v. *Jordan* (*id.* at p. 1232), the court ruled: "[W]e note that state and county initiative or referendum petitions must contain the text of the proposed or protested measure, and that municipal initiative petitions must also contain the text of the proposed measure." (*Id.* at p. 1231.) "When [the municipal referendum code] section is examined in the light of its legislative history, its place in the relevant statutory scheme, its role in implementing important public policy, and judicial decisions interpreting related statutes, it is clear that it requires municipal referendum petitions to contain the entire text of the ordinance or portion thereof which is the subject of the referendum." (*Id.* at p. 1230.)

The reason for the ruling was that by not including the text of the affected ordinance, the petition "failed to provide the electors with the information which they needed in order to exercise intelligently their rights under the referendum law." (*Creighton* v. *Reviczky, supra*, 179 Cal.App.3d. at p. 1232.)

In *Chase* v. *Brooks* (1986) 187 Cal.App.3d 657 [232 Cal.Rptr. 65], the essence of the claim was that a referendum petition to a zoning ordinance failed to substantially comply with a full text statute because it did not include the complete text of the ordinance on which the referendum was sought. (*id.* at pp. 659-660.) Citing *Clark* v. *Jordan* and *Creighton* v. *Reviczky* (*id.* at pp. 663, 664), the court concluded that the "underlying purpose of [the statute] was not substantially fulfilled. Prospective signers could not be fully informed of the substance of the ordinance challenged. The petitions' mere reference to the City of Vista Map Number, reclassification of the property from 'R-1B to R-M30,' and specific parcel numbers affected neither fully apprised the prospective signers of the substantive provisions of the challenged ordinance nor sufficiently enlightened them of the specific property affected." (*Id.* at p. 664.)

However, the court additionally held that the controversy became moot by virtue of an election in which the referendum measure carried overwhelmingly. (*Chase* v. *Brooks, supra,* 187 Cal.App.3d at pp. 659-660.) The fairness of the election itself was not challenged; the ballot measure and accompanying material sufficiently informed the voters of the breadth and complete contents of the challenged ordinance. (*Id.* at p. 662.)

*Ibarra* v. *City of Carson* (1989) 214 Cal.App.3d 90 [262 Cal.Rptr. 485], involved the statutory requirement to "post" a notice of intention to circulate an initiative petition before obtaining signatures (*Id.* at pp. 93-94). Citing *Clark* v. *Jordan* and *Creighton* v. *Reviczky* the court observed: "Where the purpose of the statutory requirement is to give information to the public to assist the voters in deciding whether to sign or oppose the petition, the substantial compliance argument is often rejected and strict compliance held essential." (*Id.* at p. 99.)

*Billig* v. *Voges* (1990) 223 Cal.App.3d 962 [273 Cal.Rptr. 91], relied on *Creighton* v. *Reviczky* and *Chase* v. *Brooks* to hold that a zoning referendum failed to substantially comply with the full text statute because the petition did not contain the 22-page zoning ordinance. (*Id.* at pp. 965-968.) An argument that those two referendum cases should not be followed since they relied on *Clark* v. *Jordan*, an initiative case, was rejected as follows: "We fail to see how this factual differentiation spoils *Creighton*'s and *Chase*'s analysis. These cases relied on the general principle enunciated in *Clark* that statutes which are designed to give the voter the information necessary to intelligently exercise elector rights are constitutional and enforceable. [Citations.] Appellants provide no authority for their implied proposition that this principle is relevant only to initiative, and not referendum, petitions." (*Id.* at p. 967, fn. 2.)

*Nelson* v. *Carlson* (1993) 17 Cal.App.4th 732, 738-740 [21 Cal.Rptr.2d 485], invalidated a referendum challenging a city's general plan and a local coastal program land use plan amendment on the basis of *Creighton* v. *Reviczky* and its progeny, because a copy of the plan was not attached to the petition.

Regarding arguments that the several hundred page, two-and-one-half-inch-thick plan would be burdensome and of no assistance (*Nelson* v. *Carlson, supra,* 17 Cal.App.4th at pp. 739-740), the court held: "Here the plan was the resolution's focal point and was expressly made a part of it. [The full text referendum statute] delineates no exception to the requirement that the petition contain the text of the challenged legislation. If the Legislature had wanted to allow an exception for bulky ordinances or resolutions

it could have provided for that situation. So far the Legislature has not done so. [¶] Our decision also enforces the statute's underlying purpose of minimizing the possibility prospective signers may misunderstand the purpose of a petition. . . . [¶] Another reason for requiring the entire plan be attached to the referendum petition is the importance of a general plan." (*Id.* at p. 740.) "Furthermore, failure to attach the plan to the petition precluded [the city clerk] from discharging her ministerial function of ascertaining whether there was compliance with [the full text referendum statute's] requirements. [Citations.]" (*Id.* at p. 741.)

Most recently, *Hebard* v. *Bybee* (1998) 65 Cal.App.4th 1331 [77 Cal.Rptr.2d 352], invalidated a referendum challenging an ordinance which changed a land use designation in a city's general plan, on the basis of *Creighton* v. *Reviczky* and its progeny (*id.* at pp. 1338-1340), because the petition misstated the title of the ordinance and thereby failed to inform voters which land was involved. (*Id.* at pp. 1340-1341.)

Regarding the appropriate factual record the court held: "In determining substantial compliance, the court's primary task is to evaluate the defect in the petition in light of the Legislature's intent and the values underlying the statute. While the court may consider relevant evidence presented by the parties, we are not persuaded that a party's failure to present a particular kind of evidence (such as voter declarations) deprives the court of the ability to determine the legal issue of substantial compliance." (*Hebard* v. *Bybee, supra,* 65 Cal.App.4th at p. 1343.)

 For all the reasons given in the above cited unbroken[2] line of initiative and referendum cases covering the period 1925 to 1998, we find that the petition in the instant case did not substantially comply with Elections Code section 9201. The approximately 17 pages of general plan sections omitted from the petition were the key element of the initiative. Governmental land use decisions can be challenged by initiative or referendum. In either case, it is imperative that persons evaluating whether to sign the petition be advised which laws are being challenged and which will remain the same. Only inclusion of the existing general plan will accomplish such purpose. Hayward's city council had the ministerial duty to reject the

---

[2]*Duran* v. *Cassidy* (1972) 28 Cal.App.3d 574 [104 Cal.Rptr. 793] observes: "We must presume that the people of Visalia know that their general plan includes a regional park at the airport . . . ." (*Id.* at p. 586.) However, the observation is dicta and the "determinative portion" of the initiative in the case provided: " '. . . be it resolved that the City of Visalia cannot own or operate a golf course at the Plaza Regional Park.' " (*Id.* at p. 578, fn. omitted.)

petition and could not validly adopt it as law. The case is not moot since no election was held and the city council's act was constantly challenged.[3]

### III. *Mervyn's Attorney Fees*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV. DISPOSITION

In No. A078208, we reverse that portion of the superior court's judgment which refused to invalidate and set aside the entire initiative petition and we remand with directions to the superior court to modify its judgment and peremptory writ of mandate by setting aside Hayward's decisions certifying, approving and adopting the initiative petition under Elections Code section 9215. In No. A079486 we reverse the superior court's order granting attorney fees to both parties. No attorney fees are awarded to either party. Each party shall bear its own costs on appeal.

Reardon, J., and McGuiness, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 9, 1999.

---

[3]Amici curiae the League of Women Voters of the Eden Area and Hayward Democratic Club contend that enactment of Proposition HH by the voters at the November 1998 election rendered the instant issue moot. We find no merit in the contention because Proposition HH was significantly different in its contents and effect from the "SOS" initiative which is the subject of the present case. Moreover, at the oral argument, the parties and Hayward conceded that Proposition HH has no effect on the "SOS" initiative. Amici curiae did not seriously dispute such concession.

\*See footnote, *ante*, page 93.