[No. B186242. Second Dist., Div. Six. May 9, 2006.]

WE CARE—SANTA PAULA, Plaintiff and Appellant, v.
JOSIE G. HERRERA, as City Clerk, etc., et al., Defendants and
Respondents.

COUNSEL

Law Offices of Francis & Associates and Richard L. Francis for Plaintiff and Appellant.

Karl H. Berger, City Attorney, Jenkins & Hogin and John C. Cotti for Defendants and Respondents.

## OPINION

**GILBERT, P. J.**—A city clerk rejected an initiative petition for failure to comply with Elections Code section 9201, requiring an initiative petition to contain the "text of the measure" proposed for enactment.[1] Proponents of the initiative petitioned for a writ of mandate. The trial court denied the writ. We conclude that the initiative petition complies with section 9201, and reverse.

### FACTS AND PROCEDURE

We Care—Santa Paula (We Care), an unincorporated association, is the sponsor of a proposed initiative to amend the general plan of the City of Santa Paula.

The text of the proposed initiative provides in part: "A. This initiative hereby *Amends* the General Plan Land Use Element adopted on or about

---

[1] All statutory references are to the Elections Code.

April 13, 1998, and as amended thereafter, to require any future amendment to the general plan land use element involving a development, proposed development, or land use designation, which would have the effect of increasing the density as currently reflected in the land use element on a gross of 81 or more acres, to be approved by a majority of the voters at a general or special election. [¶] B. Until December 31, 2025, the City of Santa Paula shall not, absent approval of a majority of the voters voting at a duly scheduled election, increase the residential or commercial density or intensity of use beyond that presently described in the above-referenced Land Use Element, as amended Amendments on any project comprising a gross of 81 acres or greater shall be subject to this measure . . . ."

We Care filed the petition with the city clerk with a notice of intent to circulate. After the city attorney provided a title and summary, We Care circulated the petition for signature.

In May of 2005, We Care submitted a signed petition to the city clerk for signature verification. The clerk verified that We Care had obtained sufficient valid signatures. Nevertheless, the clerk notified We Care that she was rejecting the petition for failure to comply with section 9201, requiring a petition to contain the text of the proposed measure. Specifically, the clerk found that although the petition includes the proposed language that would be inserted into the general plan, it does not show where in the general plan it would be inserted; what parts of the land use element would be changed; or the current text of the land use element.

We Care filed a petition for writ of mandate to direct the city clerk to certify the petition and direct the city council to place the initiative on the November 2005 ballot. The trial court denied the writ on the grounds that the initiative affects identifiable portions of the land use regulations; it does not fully describe the changes in the text of such regulations; and does not attach a copy of the regulations.

## DISCUSSION

### I

Section 9201 provides in part: "Any proposed ordinance may be submitted to the legislative body of the city by a petition filed with the elections official of the legislative body . . . . The petition may be in separate sections . . . . The first page of each section shall contain the title of the petition and the *text of the measure*." (Italics added.)

In some cases that have held an initiative or referendum petition invalid, the petition simply referred to the matter to be enacted or repealed by

heading, title or number without including the actual text. Thus in *Mervyn's v. Reyes* (1998) 69 Cal.App.4th 93 [81 Cal.Rptr.2d 148], a case the trial court considered essential to its decision, an initiative petition sought to reenact portions of the city's former general plan that had been changed by the city council. The petition referenced the portions of the general plan by heading and chapter number without including any part of the text. Similarly, in *Creighton v. Reviczky* (1985) 171 Cal.App.3d 1225 [217 Cal.Rptr. 834], a referendum petition referred to the ordinance to be repealed only by number and title.

In other cases that have held referendum petitions invalid, the petitions failed to set forth the text of exhibits incorporated by reference in the ordinance sought to be repealed. In *Chase v. Brooks* (1986) 187 Cal.App.3d 657 [232 Cal.Rptr. 65], an ordinance incorporated as an exhibit a description of the land affected by the ordinance. The referendum petition seeking to repeal the ordinance omitted the text of the exhibit. Similarly, in *Billig v. Voges* (1990) 223 Cal.App.3d 962 [273 Cal.Rptr. 91], we held invalid a referendum petition that failed to include two exhibits and one section of the challenged ordinance. In *Nelson v. Carlson* (1993) 17 Cal.App.4th 732 [21 Cal.Rptr.2d 485], a city passed a resolution adopting a general plan. The resolution incorporated the general plan as an exhibit. As in *Chase* and *Billig*, the court held invalid the referendum petition seeking to rescind the resolution for failure to include the text of the exhibit.

Unlike *Mervyn's* and *Creighton*, We Care's petition does not seek to amend the general plan by nothing more than a reference to headings, titles or numbers. Unlike *Chase, Billig* and *Nelson*, We Care's petition does not omit the text of an incorporated exhibit or any other portion of the proposed enactment. Instead, the petition contains the full and complete text of everything that will be enacted if the voters approve it.

The city points out that We Care's petition seeks to amend the general plan. It believes this requires that the land use portion of the general plan be included in the petition. But the amendment does not change any land use or density designated in the general plan. Nor does it even purport to prohibit any change in land use or density. It simply adds a provision to the general plan requiring that any increase in density for projects involving 81 or more acres be approved by popular vote. The petition contains the full text of the measure. There is no need to include any portion of the general plan. Certainly, the passage of We Care's initiative will affect the general plan. But section 9201 does not require that a petition include the text of every plan, law or ordinance the measure might affect.

The city focuses on the court's statement in *Creighton* that, "It is clear that the hazard of confusion which the Legislature sought to reduce is the

confusion in the minds of the electors as to the true import of the referendum petitions they are asked to sign." (*Creighton v. Reviczky, supra,* 171 Cal.App.3d at p. 1231.) The city apparently reads this to mean the petition is required to contain more than the bare text of the measure. But the court was concerned with a referendum petition that referred to the ordinance to be repealed only by number. The rest of the court's statement is, "The requirement that the petition must contain the text of the protested legislation . . . would reduce confusion to a practical minimum." (*Ibid.*) The court's point is not that the petition must include more than the text of the measure. Instead, the court's point is that inclusion of the text of the measure is by itself sufficient to reduce confusion to a practical minimum.

The city argues voters would want to know that most of the properties affected by the amendment lie outside the "City Urban Restriction Boundary," and that such properties cannot be developed without voter approval; that the amendment would effectively require two voter approvals for such properties; and that voters are already given the opportunity for extensive public input on development. In addition, the city argues that voters would want to know the existing land uses and densities.

■ Indeed, voters may want to know all that and more. But section 9201 does not require an initiative petition to contain all the information an informed voter would want. It requires only the text of the measure proposed to be enacted. We Care's petition fulfills that requirement.

We reverse the order denying the writ of mandate. We need not consider We Care's additional contention that the city clerk had no authority to reject the petition.

## II

The city contends We Care's appeal is moot. The contention is based on the prayer in We Care's petition for writ of mandate requesting that the city be required to place the initiative on the November 2005 ballot. The city points out that the November 2005 election occurred as scheduled without the initiative and the results have been certified.

■ An appeal becomes moot when the occurrence of an event renders it impossible for the Court of Appeal to grant any effective relief. (*Vernon v. State of California* (2004) 116 Cal.App.4th 114, 120 [10 Cal.Rptr.3d 121].) But we can still grant effective relief. The initiative may be placed on some future ballot. The appeal is not moot.

The judgment (order) denying We Care's petition for writ of mandate is reversed and remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to appellant.

Yegan, J., and Perren, J., concurred.