BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE ADAM B. SCHIFF, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Where a city charter requires city initiative petitions to be submitted in a form that complies with state law, may the city clerk reject a petition that does not contain a notice of intent with the name or names of the proponents of the initiative?
 CONCLUSION
Where a city charter requires city initiative petitions to be submitted in a form that complies with state law, the city clerk is required to reject a petition that does not contain a notice of intent with the name or names of the proponents of the initiative.
 ANALYSIS
In this opinion we deal with a proposed city initiative in a charter city. The city charter provides that city initiative petitions shall be submitted in a form that complies with state law. (See Cal. Const., art. II, § 11, art. XI, § 5.)
The Legislature has enacted a comprehensive statutory scheme (Elec. Code, §§ 9200-9295)[1] covering municipal elections in general, including the approval of initiative measures submitted by the electorate (§§ 9200-9226). The petition submitting the initiative must be signed by a specified number of voters within a set period of time. (§ 9201; see Blotter v. Farrell (1954)42 Cal.2d 804, 810-812.) The petition may be circulated in separate sections. (§ 9201.)
Our focus herein is on the statutory requirement of a "notice of intent" that proponents of an initiative measure must file with the city's elections official before circulating the initiative petition. Section 9202 provides:
 "(a) Before circulating an initiative petition in any city, the proponents of the matter shall file with the elections official a notice of intention to do so, which shall be accompanied by the written text of the initiative and may be accompanied by a written statement not in excess of 500 words, setting forth the reasons for the proposed petition. The notice shall be signed by at least one, but not more than three, proponents and shall be in substantially the following form:
Notice of Intent to Circulate Petition
 "Notice is hereby given by the persons whose names appear hereon of their intention to circulate the petition within the City of ___ for the purpose of ___. A statement of the reasons of the proposed action as contemplated in the petition is as follows:
 "(b) Any person filing a notice of intent with the elections official shall pay a fee to be established by the legislative body not to exceed two hundred dollars ($200) to be refunded to the filer if, within one year of the date of filing the notice of intent, the elections official certifies the sufficiency of the petition."
Under the directive of section 9207, each section of a petition being circulated must include a copy of the notice of intent. Section 9207
states:
 "The proponents may commence to circulate the petitions among the voters of the city for signatures by any registered voter of the city after publication or posting, or both, as required by Section 9205, of the title and summary prepared by the city attorney. Each section of the petition shall bear a copy of the notice of intention and the title and summary prepared by the city attorney."
We are asked to determine whether a city clerk (the city's elections official) may reject an initiative petition that does not contain a copy of the "notice of intent" with the name or names of the proponents. We conclude that the city clerk must reject such a petition.
In Myers v. Patterson (1987) 196 Cal.App.3d 130, the proponents failed to include in a city initiative petition the "notice of intent" as required by former section 4005, the predecessor of section9207. The court analyzed the issue as follows:
 "Did defendant's duties as registrar of voters require him to, in effect, disregard section 4005's notice requirement and accept the petition? The answer is clearly, `No.' We conclude, in fact, that just the opposite is true, that he had a duty to reject the petition.
 "Defendant's duties as city registrar include `the ministerial function of ascertaining whether the procedural requirements for submitting an initiative measure have been met.' [Citation.] He thus has a ministerial duty to place on the ballot all initiative measures that comply with formal requirements. [Citations.]
 "Plaintiffs' implicit argument that a registrar has a ministerial duty to accept measures that do not comply is incompatible with the aforesaid duty, generally, and untenable in this particular dispute." (Id., at p. 136.)
With respect to the importance of the inclusion of the "notice of intent" on the petition, the Myers court explained:
 "The notice . . . imparts useful information. Its capsule statement of reasons can (1) convey a purpose that the measure's title alone might not [citations], (2) allow the voter to compare those reasons with any offered verbally by the circulator, and (3) affect the voter's decision whether to stop right there or read the text of the entire measure. It is true that the extremely terse statement of reasons in this case would have added little to the summary printed on the top of each petition section, but the code contemplates a statement of up to 500 words. (§ 4002.) The informational purpose is clearly evident." (Id., at p. 138.)
With specific regard to the inclusion of the proponents' names, the court in Myers observed:
 "The notice also conveys information beyond a statement of reasons. The notice must be signed by at least one and no more than three (formerly five) of the measure's proponents. [Citations.] In reviewing financial disclosure provisions for candidates, the Supreme Court has noted, in words applicable here: `Voters who may well be able to understand and judge candidates may not always be able to comprehend and determine the merits of ballot measures which frequently are cast in language, the precise meaning of which often is confusing and perhaps on occasion intentionally so. [Citation.] A voter may reasonably seek to judge the precise effect of a measure by knowledge of those who advocate or oppose its adoption, and he may gain such knowledge only through pre-election disclosure requirements of the nature here involved.' [Citation.] Plaintiffs question the value of the information here by pointing out that the `proponents' who sign the notice might be '"people off the street" who sign on behalf of the persons and interest groups' that actually spearhead the measure. There is no indication that that is what happened here, but in any event, the argument cuts both ways. A voter might decide against signing because the proponents do not include anyone he or she recognizes." (Id., at pp. 138-139.)
In San Francisco Forty-Niners v. Nishioka (1999) 75 Cal.App.4th 637, the Court of Appeal recently cited Myers in upholding the rejection of an initiative petition that contained inaccurate information. The court stated in part:
 ". . . The law is clear that election officials have a ministerial duty to reject initiative petitions which suffer from a substantial, as opposed to a technical, statutory defect which directly affects the quality of information provided to voters. [Citations.]
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Numerous decisions have supported the invalidation of initiative measures for Elections Code violations resulting in voter confusion or misinformation. (See, e.g., Clark v. Jordan (1936) 7 Cal.2d 248, [misleading short title in violation of Political Code]; Mervyn's v. Reyes (1998) 69 Cal.App.4th 93, [failure to include complete text of the initiative measure]; Hebard v. Bybee, supra, 65 Cal.App.4th 1331, [inaccurate and misleading title of referendum measure]; Myers v. Patterson, supra, 196 Cal.App.3d 130, [circulating petition without including notice of intention]; Chase v. Brooks, supra, 187 Cal.App.3d 657, [failure to include complete text of the initiative measure].)" (Id., at pp. 644-645.)
Accordingly, under the authority of Myers and analogous cases, we conclude that where a city charter requires city initiative petitions to be submitted in a form that complies with state law, the city clerk is required to reject a petition that does not contain a notice of intent with the name or names of the proponents of the initiative.
[1] All references hereafter to the Elections Code are by section number only.