[No. D037416. Fourth Dist., Div. One. May 16, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
DEON LaSHAWN SCOTT, Defendant and Appellant.

## COUNSEL

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Elizabeth A. Hartwig and Warren P. Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—After a jury found Deon LaShawn Scott guilty of two counts of armed robbery (Pen. Code, §§ 211, 1192.7, subd. (c)(8), 12022.5, subd. (a)(1)), the court sentenced him to a total prison term of 11 years, four months. Because Scott had committed the robberies when he was 17 years old and after the passage of Proposition 21, known as the Gang Violence and Juvenile Crime Prevention Act of 1998, which enacted Welfare and Institutions[1] Code section 707, subdivision (d)(1),[2] the People directly charged Scott as an adult under that section in this case. ██ Scott appeals, contending his adult convictions should be set aside because Proposition 21 is constitutionally invalid.[3] He specifically argues Proposition 21 violates constitutional mandates because it was not limited to a single subject and its text in the ballot pamphlet differed from the text circulated among voters for signature. He also asserts section 707, subdivision (d)(1) is invalid because it delegates to the executive branch the decision whether to prosecute a juvenile in the adult system which violates separation of powers principles embodied in both the United States and California Constitutions.

Scott's first and third arguments for invalidating Proposition 21 have recently been resolved against him in *Manduley v. Superior Court* (2002) 27

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]Section 707, subdivision (d)(1) provides: "Except as provided in subdivision (b) of Section 602, the district attorney or other appropriate prosecuting officer may file an accusatory pleading in a court of criminal jurisdiction against any minor 16 years of age or older who is accused of committing an offense enumerated in subdivision (b)." (Initiative Measure, Voter Information Guide, Primary Elec. (Mar. 7, 2000) Prop. 21, § 26, p. 119, approved Mar. 7, 2000).) Robbery is an offense so "enumerated." (§ 707, subd. (b)(3).)

[3]Although Scott did not challenge the validity or constitutionality of Proposition 21 in the trial court, and generally litigants may not assert a new theory on appeal (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316 [88 Cal.Rptr.2d 758]), we exercise our discretion to entertain his appeal because it raises strictly questions of law on undisputed facts which are fully briefed. (See *Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 599, fn. 6 [70 Cal.Rptr.2d 680].)

Cal.4th 537 [117 Cal.Rptr.2d 168, 41 P.3d 3] (*Manduley*). In *Manduley*, our Supreme Court held, among other things, that section 707, subdivision (d) "satisfies minimum constitutional requirements," and is not unconstitutional under the separation of powers doctrine, and that Proposition 21 "does not violate the single-subject rule, set forth in article II, section 8, subdivision (d), of the California Constitution, applicable to initiative measures." (*Manduley, supra*, 27 Cal.4th at pp. 545-546.) Because *Manduley* is fully dispositive of Scott's first and third issues (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), and we conclude in our discussion there is no merit in his remaining assertion that Proposition 21 should be invalidated for textual differences between the proposed initiative measure attached to the circulated petitions and the one attached to the state ballot pamphlet, we affirm.

## DISCUSSION[4]

 Scott's appellate contention not resolved by *Manduley* is that Proposition 21 should be invalidated because it was unlawfully presented to the electorate by containing text in the state ballot pamphlet which was different from the text of the proposed initiative measure in the petitions circulated to qualify the initiative for the ballot. Scott argues that, because Elections Code section 9014[5] expressly provides that initiative petitions must include the full and correct copy of the text of the proposed measure when they are circulated for signature, the same exact version of the measure's text must be contained in the state ballot pamphlet for the voters. Citing generally to the Elections Code and to cases finding initiative petitions invalid for failure to contain the text or title of a proposed measure (see Elec. Code, § 9000 et seq.; *Mervyn's v. Reyes* (1998) 69 Cal.App.4th 93, 99-105 [81 Cal.Rptr.2d 148]; *Billig v. Voges* (1990) 223 Cal.App.3d 962, 967 [273 Cal.Rptr. 91]), Scott asserts this result should naturally follow to provide the voters "the security of knowing that the petition they supported [or signed] is the same petition they voted on at the polls."

In further support of his position, Scott specifically notes that the ballot version of Proposition 21 included section 12.5 which was omitted from the petition's text circulated to voters for ballot qualification, and that sections

---

[4]We omit the usual statement of facts and procedural background. Scott neither challenges the sufficiency of the evidence to support his convictions nor raises any issues regarding the facts and procedures concerning this case other than his legal challenges to Proposition 21 and section 707, subdivision (a)(1).

[5]Elections Code section 9014 provides that, "[a]ny initiative or referendum petition may be presented in sections, but each section shall contain a full and correct copy of the title and text of the proposed measure. The text of the measure shall be printed in type no smaller than 8 point."

12 and 23 included changes that did not appear in the original text of the measure in the petitions circulated. Scott claims these discrepancies between the petitions circulated and the ballot pamphlet versions of Proposition 21, and others he does not identify, are significant and "undermine the electoral procedures set forth in section 9000, et seq. of the Elections Code."[6] We disagree.

The California Constitution states that an initiative petition must set forth "the text of the proposed statute" (Cal. Const., art. II, § 8, subd. (b)), and provides "[t]he Legislature shall provide the manner in which petitions shall be circulated, presented, and certified, and measures submitted to the electors." (Cal. Const., art. II, § 10, subd. (e).) To comply with this mandate, the Legislature enacted a series of Elections and Government Code statutes that prescribe the process by which an initiative petition is qualified to be voted upon by the California voters. (Elec. Code, § 9000 et seq.; Gov. Code, §§ 88001-88007.)

The Elections Code requires, among other things, an initiative petition "shall contain a full and correct copy of the title and text of the proposed measure," that the "text of the measure" be attached to the petition, and the "proposed initiative measure" be submitted to the Attorney General. (Elec. Code, §§ 9002, 9008, 9014.) Once an initiative measure is qualified by petition for an election, the Secretary of State is required to include it in a state ballot pamphlet. (Elec. Code, § 9081.) In doing so, the Secretary of State ensures that the ballot pamphlet includes, "[a] complete copy of each state measure," and "[a] copy of the specific constitutional or statutory provision, if any, that each state measure would repeal or revise." (Elec. Code, § 9084, subds. (a) & (b).)[7] Specifically, as to each state measure to be voted upon, Elections Code section 9086, subdivision (e) requires "[t]he complete text of each measure shall appear at the back of the pamphlet. The text of the measure shall contain the provisions of the proposed measure and the existing provisions of law repealed or revised by the measure. The provisions of the proposed measure differing from the existing provisions of law affected shall be distinguished in print, so as to facilitate comparison."

Further, the Legislative Counsel of California is required to "prepare and proofread the texts of all measures and the provisions which are repealed or

---

[6]Interestingly, the People's responsive brief credits Scott with identifying at least 14 differences between the text in the ballot pamphlet and the petition that was circulated. We decline to address more than the three areas of textual variances Scott has presented for review.

[7]Sections 9084 through 9093 of the Elections Code are a restatement of Government Code sections 88001 to 88007. (Elec. Code, § 9080.) Although the same provision is also included in the Government Code, for ease of reference we only refer to the Elections Code in this opinion.

revised" before the qualified initiative measure in the state ballot pamphlet is available for public examination "[n]ot less than 20 days before . . . the ballot pamphlet [is submitted] to the State Printer." (Elec. Code, §§ 9091, 9092.) During the time for public inspection, "any elector" may seek judicial review to amend or delete any copy from the ballot pamphlet that may be "false, misleading, or inconsistent" with the requirements of the Elections Code. (Elec. Code, § 9092.)

When a challenge to alleged deficiencies in a ballot measure is made postelection, as here, we review the matter to determine whether there was substantial compliance with the Elections Code and whether the purported deficiencies "affected the ability of the voters to make an informed choice." (*Friends of Sierra Madre v. City of Sierra Madre* (2001) 25 Cal.4th 165, 180 [105 Cal.Rptr.2d 214, 19 P.3d 567].) Invalidation of a ballot measure is only required if "the materials, in light of other circumstances of the election, were so inaccurate or misleading as to prevent the voters from making informed choices. In conducting this inquiry courts should examine the extent of preelection publicity, canvassing and other informational activities, as well as the substance or content of such efforts. The ready availability of the text of the ordinance, or the official dissemination and content of other related materials, such as arguments for or against the measure, will also bear on whether the statutory noncompliance rendered the election unfair. Finally, courts should take into account the materiality of the omission or other informational deficiency. Flaws striking at the very nature and purpose of the legislation are more serious than other, more ancillary matters." (*Horwath v. City of East Palo Alto* (1989) 212 Cal.App.3d 766, 777-778 [261 Cal.Rptr. 108].)

Here, the exhibits Scott has submitted in support of his position reveal that the ballot materials regarding Proposition 21 clearly and unambiguously set forth the purpose of the measure. It is clear that the variation in the text was due to either the correction of clerical and grammatical errors, or legislative revisions to statutes impacted by Proposition 21 between the time of the measure's circulation with the petition and the election, which the Secretary of State and Legislative Counsel were mandated by the Elections Code to include. Specifically, sections 12 and 12.5 of the proposed initiative were added to or changed in the ballot version of Proposition 21 to conform to changes in Penal Code section 594 enacted by the Legislature after the petitions were circulated to voters, and section 23 was amended to include statutory references that had been omitted from the petitions. As the People point out in their respondent's brief, because the Elections Code requires more information to be included in the text of the initiative in the state ballot pamphlet than included in the text of the initiative petition (Elec. Code, §§ 9001, 9014, 9086, subd. (e)), Scott's assertion the texts of each must be identical necessarily fails.

Moreover, contrary to Scott's contention otherwise, our review of the materials he has submitted shows they are in substantial compliance with the Elections Code and he has not shown that any of the differences in the text of the initiative were material deficiencies or that such purported defects "affected the ability of the voters to make an informed choice." (*Friends of Sierra Madre v. City of Sierra Madre, supra*, 25 Cal.4th at p. 180.) The "full text" requirement he relies upon was designed to assure that petition signers are not misled regarding the nature of the initiative they are endorsing. (*Assembly of State of Cal. v. Deukmejian* (1982) 30 Cal.3d 638, 652-653 [180 Cal.Rptr. 297, 639 P.2d 939]; *Mervyn's v. Reyes, supra*, 69 Cal.App.4th at p. 101.) Scott has provided no evidence any petition signers were misled by the differences between the qualified and ballot versions of Proposition 21. Nor has he cited any authority that technical textual changes or changes reflecting unforeseen legislative action since the time of the circulated initiative petition are sufficient to invalidate the initiative or any of its provisions.

Rather, Scott relies on selective sections of the Elections Code and authority relating to whether an initiative petition in the first instance is valid for containing the full text or title of a proposed measure to argue the law requires the text of the initiative in the state ballot pamphlet be exactly the same as the petition text. Such premise, however, ignores and renders surplusage the statutory process mandated by other sections of the Elections Code for the preparation of the ballot pamphlet once a valid initiative petition is qualified for an election. Without evidence that the text of Proposition 21 included in the state ballot pamphlet did not substantially comply with the Elections Code or that the purported differences precluded the electorate from making an informed choice, we conclude Proposition 21 was lawfully presented to the voters and reject Scott's claim.

DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Benke, J., concurred.