MEMORANDUM **
Plaintiffs Jeremy Coltharp and Edith Frazier appeal the district court’s decision *335 denying their motion for a preliminary injunction seeking to compel Larry Herrera, the City Clerk of the City of Long Beach, to certify their ballot measure for the next regularly scheduled election. Plaintiffs argue that the district court’s interpretation of the California Elections Code was erroneous and that Herrera should have certified the measure as qualifying for the next regular election despite the fact that their initiative petition proposed a vote on the measure at a special election. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1),[1] and we affirm.[2]
California Elections Code § 9214 appears to indicate that an elections official may not validate a petition containing “a request that the ordinance be submitted immediately to a vote of the people at a special election” unless it obtains valid signatures from at least 15% of the registered voters. Section 9215(b) further suggests that if a petition obtains support from 10% of the registered voters, the city council may set the initiative for the next regularly scheduled election “unless the ordinance petitioned for is required to be, or for some reason is, submitted to the voters at a special election.” The district court found that Plaintiffs were unlikely to sue-ceed on the merits because Herrera’s sampling indicated that their petition failed to obtain support from 15% of the registered voters and, by its own terms, their petition only sought a vote at a special election. Cf. Mission Springs Water Dist. v. Verjil, 218 Cal.App.4th 892, 160 Cal.Rptr.3d 524, 529 n. 2 (2013) (suggesting that the wording of a petition can be significant in determining the type of election required, as a petition indicating that initiatives should be submitted to the voters “at a special election or the next regular election” was “probably insufficient to require a special election” (ellipses omitted)).[3] The district court relied on § 9215(b), reading it to preclude a petition designated for a special election from being considered for placement on a regular election ballot. This reading of the statute is consistent with the principle that the voters should have sufficient information to allow them to “intelligently evaluate whether to sign the initiative petition and avoid confusion.”[4] Mervyn’s v. Reyes, 69 Cal.App.4th 93, 81 Cal.Rptr.2d 148, 151 (1998).
Plaintiffs plausibly argue that the district court’s interpretation was incorrect. See Blotter v. Farrell, 42 Cal.2d 804, 270 P.2d 481, 482-84 (1954) (suggesting that a *336 petition calling for a special election, which obtained more than 10% of the signatures of the registered voters but less than 15%, would qualify for a vote at a regular election under § 9215’s predecessor statute). Indeed, it is possible that the language in § 9215(b) simply means that the city council cannot delay a measure that qualified for a special election by placing it on a regular election ballot scheduled for a later time.
Nonetheless, we are here concerned only with the denial of a preliminary injunction, which we review for abuse of discretion. Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1286 (9th Cir.2013). “A preliminary injunction is ‘an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.’ ” Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir.2012) (citation and emphasis omitted). Moreover, where a party seeks a mandatory injunction that goes beyond maintaining the status quo, “the district court should deny such relief ‘unless the facts and law clearly favor the moving party.’ ” Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994) (citation omitted). Plaintiffs have not made such a showing here. Although they have established that the statutory language is ambiguous, they have not clearly demonstrated that they are likely to succeed on the merits, are likely to suffer irreparable harm, that the balance of the equities tips in their favor, or that an injunction is in the public interest. Plaintiffs may have established a possibility of success on the merits, but a possibility is not the same as a likelihood of success.[5] See Sw. Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 919 (9th Cir.2003).
A showing of “serious questions going to the merits” may be sufficient to warrant issuance of a preliminary injunction where the balance of the hardships tips sharply in the plaintiffs favor and the other factors are satisfied. Ass’n des Eleveurs de Canards et d’Oies du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir.2013) (citation omitted). However, Plaintiffs have not shown that the balance of the hardships tips sharply in their-favor or that they have satisfied the other factors. Indeed, all of the Plaintiffs’ arguments on the balance of the equities and public interest factors presume that their interpretation of the Elections Code is correct, which they have not established. Plaintiffs have no right to vote for a measure if it did not qualify for the ballot — their interests as sponsors or signors of the petition are only relevant if they establish that their interpretation is correct. Thus, as Plaintiffs have not clearly shown that Herrera violated the Elections Code, they have not demonstrated that the balance of the equities and public interest weigh in their favor.
Additionally, as Plaintiffs’ counsel acknowledged at oral argument, the Plaintiffs did not pay the costs of circulating the petition in the first instance and cannot claim that they suffered any pecuniary *337 harm.[6] Moreover, the Elections Code does not preclude Plaintiffs from filing a new petition. Cal. Elec.Code § 9115(e). Plaintiffs could have avoided any resulting delay by drafting their petition to alternatively seek placement of the measure on the regular election ballot, but they did not do so. Consequently, the district court did not abuse its discretion because the Plaintiffs did not carry their burden of showing that they were entitled to extraordinary relief in the form of a mandatory preliminary injunction.
We note that decisions on motions for a preliminary injunction are made on less than a full record and leave “open the final determination of the merits of the case.” Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep’t of Agric., 499 F.3d 1108, 1114 (9th Cir.2007) (citation omitted). This appeal presents a difficult issue which may benefit from further development below. Our decision does not dictate the final determination of the merits below.
AFFIRMED.

 This disposition is not appropriate for publi *335 cation and is not precedent except as provided by 9th Cir. R. 36-3.

. We reject Herrera’s contention that the district court lacked subject matter jurisdiction. The Plaintiffs asserted federal claims in their pleadings and, consequently, there is federal question jurisdiction under 28 U.S.C. § 1331 even if the Plaintiffs’ claims are not meritorious. See Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1131 (9th Cir.2012) (“Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits.” (citation omitted)), cert. denied, — U.S.-, 133 S.Ct. 1814, 185 L.Ed.2d 814 (2013).

. Because the parties are aware of the facts, procedural events and applicable law underlying the dispute, we recite only such information as is necessary to explain our decision.

. Our dissenting colleague suggests that Mission Springs supports the Plaintiffs’ position. However, as noted, in that case (unlike the present one), the petition sought a vote at either a special election or the next regular election. See id.

. A petition’s language can matter. Although perhaps counter-intuitive, in light of the historic differences in voter turnout for special elections versus regular elections, some individuals who signed the petition may well have not wanted the initiative placed on a regular election ballot where it would likely face a larger and potentially less favorable pool of likely voters.

. Although some decisions can be construed as supporting one interpretation or another, none of the decisions from the California courts directly address the issue raised here. See Engebretson v. Mahoney, 724 F.3d 1034, 1040 (9th Cir.2013) (indicating that prior rulings were not binding precedent on issues that were not squarely addressed). Nor do we view the post hoc legislative history cited by our dissenting colleague as controlling or even instructive. See Grape Dev. Co. v. Superior Court, 4 Cal.4th 911, 16 Cal.Rptr.2d 226, 844 P.2d 545, 551 (1993) (noting that the legislative counsel’s opinion that was issued after a statute was adopted was "a post hoc expression of the Legislative Counsel’s opinion of what the Legislature meant when it adopted [the statute]; and like any such opinion ... it is only as persuasive as its reasoning”).

. Despite this concession, our dissenting colleague takes issue with this statement. We note that the group that funded the signature drive is not a party and the Plaintiffs have not claimed an interest in the time and effort spent by others to collect the signatures. Although Coltharp generally asserts that he "asked” others to sign the petition, the true extent of the Plaintiffs’ personal participation in the signature drive is unclear on the present record.